**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**ADREIAN R. COLLINS** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 3:26-CV-P212-JHM**

**LOUISVILLE SHERIFF OFFICE et al.** **DEFENDANTS**

# MEMORANDUM OPINION

*Pro se* Plaintiff Adreian R. Collins, who was housed at the Louisville Metro Department of Corrections at the time he filed his complaint, initiated this 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, this action will be dismissed without prejudice.

## I. STATEMENT OF CLAIMS

Plaintiff sues the "Louisville Sheriff Office" and two of its employees in their official capacities, Deputy Glass and Sargeant Gomez. He does not indicate whether he was a convicted inmate or a pretrial detainee at the relevant time. His complaint states that on the morning of February 5, he had court. His complaint continues:

> I knocked on the window and stated officers started yelling slurs at me[.] When I stated I wanted a sergeant deputy Glass pulled me out by my shirt pushed me down the hall then grabbed my hair slammed me on a bench then elbowed me 3 times in my face[.] Other deputies started hitting me then Deputy Johnson pulled my ID out my hair causing 2 of my dreads to come out[.] Mind you I was in hand cuffs. I requested medical[.] They started taunting me and spit on me.

Plaintiff requests monetary and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court

determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Plaintiff sues the "Louisville Sheriff Department." The "Louisville Sheriff Department" is not an entity subject to suit under § 1983 because municipal departments, such as sheriff's departments, are not suable under § 1983. *See Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 WL 1720959 at *2 (6th Cir. Nov. 6, 2000). In this situation, Louisville Metro Government is the proper Defendant. *See Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990).

Plaintiff also names Deputy Glass and Sargeant Gomez in their official capacities only. "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting

*Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). This means that Plaintiff's official-capacity claims are actually against Louisville Metro, Defendants' employer.

A municipality such as Louisville Metro cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged constitutional deprivation. *Id*. To state a claim against a municipality, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the entity under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff's allegations pertain only to himself, and he does not allege that any constitutional violation occurred pursuant to a policy or custom of Louisville Metro. For this reason, Plaintiff's claims must be dismissed for failure to state a claim upon which relief may be granted.

Additionally, Plaintiff does not ascribe any conduct to Sargeant Gomez. If a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002); *see also Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) ("Even a pro se prisoner must link his allegations to material facts and indicate what each defendant did to violate his rights.") (citations omitted).

However, "under Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). The Court will provide Plaintiff an opportunity to amend his complaint to sue Defendants in their individual capacities and explain what actions each Defendant personally undertook. *See Rashada v. Fiegel*, No. 23-1674, 2024 WL 1367436, at *4 (6th Cir. Apr. 1, 2024) (approving dismissal of *pro se* complaint without prejudice and with leave to amend).

The Court **DIRECTS the Clerk of Court** to place this case number and the word "Amended" on a § 1983 complaint form and send it to Plaintiff for his use should he wish to file an amended complaint as well as four summons forms should Plaintiff wish to add Defendant(s).

## IV. CONCLUSION

Accordingly, the Court will enter a separate Order dismissing the action.

Date: September 21, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.009